(C. D. 138)

South Porto Rico Sugar Co. *v.* United States

United States Customs Court, Second Division

(Decided April 3, 1939)

*Jomes R. Beverly* for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel G. McGrath,* special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: This is a suit against the United States, arising at the port of San Juan, Puerto Rico, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced and entered for consumption as "12 pcs. (1) scrapped mill roll." Duty was levied thereon at the rate of 75 cents per ton under paragraph 301 of the Tariff Act of 1930 as scrap iron of the kind therein made dutiable at that rate: It is claimed that said merchandise is properly entitled to free entry under paragraph 1615 of said act as American goods returned.

At the hearing held at San Juan, Puerto Rico, in April 1938 the plaintiff offered in evidence the testimony of Thomas J. Phillips, comptroller and assistant treasurer of the plaintiff corporation. He testified that the merchandise consisted of a roll broken into twelve pieces; that the only difference between it and the merchandise which was the subject of *South Porto Rico Sugar Co.* v. *United States,* Abstract 36337, 71 Treas. Dec. 1188, is that the roll involved in the decided case was imported all in one piece whereas the instant roll arrived broken up into twelve pieces.

At this juncture, it appearing that the witness had not seen the merchandise in both cases, counsel for the Government objected

and moved to strike out the answer, which objection was sustained by the trial judge.

The witness then testified that the merchandise at bar, after importation, was transported to the plaintiff's foundry and used for making other castings; that he valued the roll in question at its cost plus a reasonable profit; that there is no general market for such a roll; and that it was a common practice to melt down worn out machinery which in the trade was known as scrap.

This is the entire record before us, except for the appraiser's answer to the protest, which so far as is here pertinent reads:

This mill roll was exported in a rough shape; it was sent to a machine shop in the Dominican Republic to be worked and finished for use in milling sugar cane in the Dominican Republic. So, it was advanced in value and improved in condition in a foreign country. After worn out by use, it was broken into pieces in the Dominican Republic and shipped back to be used here as foundry scrap for making more casting. * * *

That statement substantially agrees with the opening statement of James R. Beverly, attorney for the plaintiff, made at the hearing.

The pertinent portions of paragraph 1615 of the Tariff Act of 1930, under which the plaintiff claims free entry for the merchandise in question, read as follows:

PAR. 1615. Articles the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means if imported by or for the account of the person who exported them from the United States * * *.

It will be observed that the articles accorded free entry under said paragraph must not be improved in condition after exportation. It is uncontradicted that the roll originally exported was in a rough and unfinished condition; that it was processed and finished abroad; that, after it was worn out and not fit for use as a roll, the purpose for which it was originally constructed and designed, it was broken up and reduced to scrap form, in which condition it was imported into the United States. It therefore follows that it was not a roll which was imported but so much scrap, and that said scrap is *eo nomine* provided for in said paragraph 301 at 75 cents per ton.

When the roll was reduced to scrap it lost its identity as a roll. From the statement of the counsel for the plaintiff it is evident that it was his intention to attempt to prove that the merchandise herein was identical in all material respects to that involved in *South Porto Rico Sugar Co.* v. *United States, supra,* and then to move the incorporation herein of the record in that case. This, however, he was unable to do because his only witness had not examined the merchandise in both cases. Moreover, in the cited case this court found that the imported merchandise involved therein was the identical merchandise

which had been exported, to wit, a complete roll, which of course is not the case here.

Upon the entire record it is manifest that the plaintiff has failed to sustain the burden of proving error in the collector's classification. Therefore, all claims must be and hereby are overruled. Judgment will be rendered accordingly.